IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAFAEL RODRIGUEZ BARRIL, INC.,

Plaintiff,

v.

CONBRACO INDUSTRIES, INC.,

Defendant.

CIVIL NO. 08-1993 (JAG)

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

On January 1, 1999, plaintiff Rafael Rodríguez-Barril, Inc. (hereafter "RRB, Inc.") and defendant Conbraco Industries, Inc. (hereafter "Conbraco") entered into a Sales Representative Agreement (hereafter the "Agreement") wherein Conbraco appointed plaintiff as an independent sales representative to solicit orders for its products in the geographical territory of the Commonwealth of Puerto Rico.

Plaintiff and defendant are citizens of different states. Plaintiff is incorporated and has principal place of business in the Commonwealth of Puerto Rico. Defendant Conbraco is incorporated and has its principal place of business in the state of North Carolina. The controversy entails in excess of $75,000.00, for alleged violation by defendant of the Puerto Rico Sales Representative Act, Law No. 21, of December 5, 1990. 10 P.R. Laws Ann. §§ 279 *et seq*. As such, there is diversity jurisdiction. Title 28, United States Code, Section 1332(a)(3).

Rafael Rodriguez Barril, Inc. v. Conbraco Industries, Inc.
Civil No. 08-1993 (JAG)
Report and Recommendation
Page 2

On August 11, 2008, plaintiff RRB, Inc. filed in state court a complaint against defendant Conbraco for declaratory judgment, preliminary injunction and torts because of the notice of termination it sent on June 27, 2008. This case was removed to this federal forum on September 4, 2008 (Docket No. 1).[1] Upon removal by defendant Conbraco of the state action to this federal court, plaintiff RRB, Inc. requested trial by jury, which it had previously waived under the clauses of the Agreement.

Defendant Conbraco obtained a stay of federal proceedings until disposition of a Motion to Dismiss it filed on September 12, 2008, which plaintiff RRB, Inc. had opposed, after extension of time, on October 1, 2008. Defendant Conbraco's Motion to Dismiss pursuant to Fed.R.Civ. P. 12(b)(6) is predicated on a forum selection clause in the Sales Representative Agreement negotiated between plaintiff and defendant (hereafter "the Agreement") wherein the parties agreed to bring any dispute in regard to the Agreement only in the state and federal courts sitting in Mecklenburg County, North Carolina. (Docket No. 11). *Deft's Exhibit A, Section 13A*.

The Agreement also provided at Section 12 A (I) that defendant Conbraco could terminate its relationship with RRB, Inc. for cause if the other party breached any provision of the Agreement, which included to refrain from any activities which may reflect adversely upon the reputation or credibility of Conbraco or its products. *Deft's Exhibit A, Section 12 k*.

---

[1] The corresponding translations of documents in the English language were made part of the record.

It is defendant Conbraco's contention that on June 27, 2008, it sent a letter to RRB, Inc. terminating the Agreement immediately due to an incident that occurred the previous day at La Concha Hotel lobby bar wherein Mr. Rodríguez, President of RRB, Inc., verbally attacked Mr. José Adolfo Ayala, owner of Conbraco's largest distributor CIB, made verbal lewd and crude comments to Conbraco's Director of International Sales, Donna Bult, and verbally attacked Conbraco's Executive Vice-President, Cal C. Mosack. Mr. Rodríguez also threatened with physical harm Mr. Ayala and Mr. Mosack and had to be removed from the bar by La Concha Hotel security. *Deft's Exhibit B*.

Defendant Conbraco submits in its Motion to Dismiss the above stated violations of the Agreement clauses, and foremost the forum selection clause in the Agreement, which is to be construed as plaintiff's failure to state a claim for which relief can be granted since the enforceability of the forum selection clause is valid. Fed.R.Civ.P. 12(b)(6). Plaintiff RRB, Inc. filed its opposition to the Motion to Dismiss on grounds the applicable state law to sales representatives agreements in the Commonwealth of Puerto Rico, Law No. 21, has the purpose of granting protection to the kind of agency agreements of local distributors. Thus, as a matter of public policy, the Commonwealth of Puerto Rico retains a greater interest to entertain these kind of conflicts in agency agreements. Additionally, Law No. 21 provides for other protections which would not be available to plaintiff under the laws of

the state of North Carolina[2], which limits the amount of damages plaintiff could recover, as well as the termination of the agreement with cause or without cause. *Deft's Exhibit A, Agreement ¶13A.*

Still, plaintiff RRB, Inc. does not negate or qualify the choice of forum clause as it appears at ¶15(B). The main contention for the courts of North Carolina to entertain the case is that it would be precluded from interpreting the Agreement under the Puerto Rico laws, which may result in having the clauses that limit damages, termination for just cause or not, and forum selection, be declared void.

The Court referred these motions to this Magistrate Judge.[3] An order to stay proceedings, as requested by defendant, was previously issued on October 9, 2008, pending disposition of defendant Conbraco's request for dismissal. (Docket No. 29).

Upon consideration of the defendant's Motion to Dismiss (Docket No. 10), as well as plaintiff's opposition thereof (Docket No. 17), and the reply filed on October 13, 2008 (Docket No. 30), this Magistrate Judge submits the following report and recommendation, which if adopted, would render moot plaintiff's request for a preliminary injunction.

## MOTION TO DISMISS STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may consider materials outside the pleadings without converting the motion to dismiss into one for

---

[2] The arguments raised make no distinction between the choice of forum established by the Agreement, and the choice of law to be applied to construe the Agreement, which is set in a separate clause of the Agreement at ¶12 A. Since choice of forum is rather a matter of venue, the arguments on this issue will be addressed as such.

[3] On October 2, 2008, the Court referred plaintiff's Motion for Preliminary Injunction for report and recommendation. Shortly thereafter, the Motion to Stay and the Motion to Dismiss were referred; the former for disposition and the latter for report and recommendation. (Docket No. 2 3).

summary judgment.[4] Still, under Section 12 (b)(2) "a complaint should not be dismissed for failure to state a claim unless it appears ... that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See* Bell Atlantic Corp. v. Twonbly, 127 S.Ct. 1955 (2007) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957)); *see* Miranda v. Ponce Fed. Bank, 948 F.2d 41 (1st Cir. 1991); *see also* Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007).[5]

To elucidate a motion to dismiss the Court must accept as true all well-pleaded factual averments and indulge all reasonable inferences in the plaintiff's favor. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (*quoting* Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. Abbott, III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (*citing* Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)).

A motion to dismiss based for the most part upon forum-selection is treated as one alleging the failure to state a claim for which relief can be granted. Fed.R.Civ.P. 12(b)(6); Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 387-388 (1st Cir. 2001). A motion to dismiss based on a forum selection clause may be raised at any time in the proceedings

---

[4] Fed.R.Civ.P. 12(b)(1) allows a defense to be presented for lack of subject matter jurisdiction, while 12(b)(2) allows same for lack of personal jurisdiction.

[5] No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic, 127 S.Ct. at 1974.

before disposition on the merits. *Cf.* Brown v. Trustees of Boston Univ., 891 F.2d 337, 357 (1st Cir. 1989) (holding that by waiting until after the jury reached its verdict, University had waived its Rule 12(b)(6) defense).

## LEGAL DISCUSSION

**A.  Enforceability of Forum Selection Clauses.**

As our district courts have noted, there is no conflict between federal common law and Puerto Rico law regarding the enforceability of forum-selection clauses. *See* Stereo Gema, Inc. v. Magnadyne Corp., 941 F.Supp. 271, 276 (*citing* Unisys Puerto Rico v. Ramallo Bros. Printing, Inc., 128 D.P.R. 842, 1991 WL 735351 (1991)) (stating that the Puerto Rico Supreme Court has adopted the federal jurisprudence regarding general enforceability of forum-selection clauses).[6]

The Court of Appeals for the First Circuit will for the most uphold a district court's decision dismissing contract action based upon forum selection clause, unless enforcement would be unreasonable and unjust, or the clause was invalid for such reasons as fraud or overreaching.[7]

---

[6]  Plaintiff, as the moving party in the other jurisdiction, may still elect to bring suit against defendant in the federal courts of North Carolina and therein present any choice of law arguments it deems proper, as briefly explained herein below.

[7]  This is only one of the variegated views among the circuits concerning the appropriate vehicle for a motion to dismiss based on a forum-selection clause. *See* Lambert v. Kysar, 983 F.2d 1110, 1112 n. 1 (1st Cir. 1993); LFC Lessors, Inc. v. Pacific Sewer Maint. Corp., 739 F.2d 4, 7 (1st Cir. 1984); *cf.* Ninigret Development Corp. v. Narragansett Indian Wetuomuck Housing Authority, 207 F.3d 21, 34 (1st Cir.2000) (vacating judgment focusing on forum-selection clause under Rule 12(b)(6) for reconsideration of exhaustion of tribal remedies under Rule 12(b)(1)). *See also* Lambert , 983 F.2d at 1116 & n. 10  (declining to confront the daunting question whether forum-selection clauses are to be treated as substantive or procedural for *Erie* purposes," observing that the Supreme Court has not yet resolved the issue, and noting circuit split on proper approach).

Plaintiff RRB, Inc. has not raised the forum choice clause as being a result of fraud or overreach nor does it negate it was an agreement which, since 1999, adopted the parties' understanding and intentions or that it did not freely bargain for such agreement. Plaintiff's opposition to defendant's forum selection submits the dismissal of its action in this district is not one of lack of jurisdiction but one of venue.

The forum selection clause thus constitutes a stipulation in which the parties join in asking the court to give effect to their agreement by declining to exercise its jurisdiction. *See* LFC Lessors, Inc., 739 F.2d 4, 6 (1st Cir. 1984) (quoting Central Contracting Co., 367 F.2d 341, 345 (3d Cir. 1966)). "Exclusive jurisdiction" in this context thus refers to the intent of the parties rather than the actual power of the court. As the Court of Appeals for the First Circuit clarified in Silva,[8] even a mandatory forum-selection clause does not in fact divest a court of jurisdiction that it otherwise retains. *See* M/S Bremen v. Zapata Off-Shore Co, 407 U.S. 1, 12, 92 S.Ct. 1907 (1972) ("No one seriously contends ... that the forum-selection clause 'ousted' the District Court of jurisdiction over Zapata's action").

Section 13(A) of the Agreement between plaintiff RRB, Inc. and defendant Conbraco provides:

> In the event that either party brings suit to enforce the terms of this Agreement both Representative and Conbraco **consent and agree that jurisdiction for such action will lie only in the state and federal courts sitting in Mecklenburg County, North Carolina.** Each party also specifically waives its right to jury trial. *Exhibit A*. (Emphasis supplied).

---

[8] Silva v. Encyclopedia Britannica Inc., 239 F.3d 385 (1st Cir. 2001) (forum-selection clause was mandatory; and forum selection clause was enforceable).

Rafael Rodriguez Barril, Inc. V. Conbraco Industries, Inc.
Civil No. 08-1993 (JAG)
Order
Page 8

Under conventional venue statutes, venue provisions have long been subject to contractual waiver through a valid forum selection agreement. *See, e.g.,* National Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 84 S.Ct. 411 (1964); *see also* U.S. on Behalf of Pittsburgh Tank & Tower, Inc. v. G & C, 62 F.3d 35 (1st Cir 1995). As in the instant case, Pittsburgh Tank did not therein argue that the selection clause in the subcontract was invalid under traditional standards *e.g.,* for fraud.[9] *See* Fireman's Fund Amer. Ins. Co. v. Puerto Rican Forwarding Co., 492 F.2d 1294, 1297 (1st Cir.1974).

Likewise, as in M/S Bremen v. Zapata, the contract herein reflects with the words "will lie only" precisely what was construed by the word "must", that is, the parties' intention to make the particular courts therein indicated as the exclusive forum for disputes arising under the contract. *See* Zapata, 407 U.S. at 2, 92 S.Ct. 1907 (holding that a contract stating that "[a]ny dispute arising *must* be treated before the London Court of Justice" required the court to exercise its jurisdiction no further than necessary to enforce the forum-selection clause) (*Emphasis added*).

Some of the factors to consider in deciding whether the enforcement of a forum selection clause is warranted include, similar to arbitration clauses, that the enforcement would contravene a strong public policy of the forum in which suit is brought, and/or that a bargained forum selection clause, although freely bargained for, would be seriously inconvenient for the trial of the action.

---

[9] A series of actions related to venue and distinct forum selection clauses as to contracts under the Miller Act (which protects contractors and subcontractors who have furnished labor or material on federal construction projects), was finally settled in F.D. Rich Co. v. Industrial Lumber Co., 417 U.S. 116, 94 S.Ct. 2157 (1974) in that Miller is merely a venue requirement not a jurisdictional issue.

Since forum selection clauses are *prima facie* valid and should be enforced unless said enforcement is shown by the resisting party to be unreasonable under the circumstances, plaintiff's averment rests solely on the alleged unfairness it will result if the case is entertained in another jurisdiction not because the choice of forum is invalid but because the choice of law would be less favorable. Still, even where a forum clause establishes a remote forum for resolution of conflicts, the party claiming unfairness should bear a heavy burden of proof and we are herein dealing with two commercial entities. *See* Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 591, 111 S.Ct. 1522 (1991)[10] (*citing* M/S Bremen v. Zapata, 407 U.S. at 15, 92 S.Ct. at 1917),[11] although Congress thereafter overruled in the context of passenger tickets (with the caveat that the tendency of the law is to apply in contract matters the law which the parties intended to apply);[12] In re Mercurio, 402 F.3d 62 (1st Cir. 2005) (in the concept of arbitration clauses, a heavy burden is required to set aside a forum selection clause, other than simply showing that another location would be more convenient).

In addition, in evaluating a forum-selection clause which provided: "[t]he parties agree to submit to the jurisdiction of the courts of Puerto Rico," the language was read as an affirmative conferral of personal jurisdiction by consent, and not a negative exclusion of jurisdiction in the federal district court since the parties "could easily have drafted the

---

[10] Even in a non-negotiated purchase of a cruise line ticket is not considered unenforceable merely because the bargaining power of the parties –passengers and cruise lines– are unequal.

[11] Brenan-Zapata rationale enforced a forum selection clause negotiated by the parties of equal bargaining power.

[12] Discussing the issue on *forum non conveniens* under the Jones Act.

contract to provide for exclusive jurisdiction in the Commonwealth courts and finding that the forum-selection clause was mandatory. Autoridad De Energa Eléctrica De Puerto Rico v. Ericsson Inc., 201 F.3d 15 (1st Cir.2000).

Similarly, in Rooney v. Biomet, Inc., 215 F.3d 1312 (1st Cir. 2000) the Court of Appeals held that forum selection clause in contract was valid and enforceable. *See also* Ninigret Development Corp. v. Narragansett Indian Wetuomuck Housing, 207 F.3d 21 (1st Cir. 2000).

In the present case, the forum selection clause is also shown in mandatory and exclusive terms.

Finally, defendant Conbraco filed a reply contesting plaintiff's opposition that any court in North Carolina would be unable to interpret the law which would most benefit non-movant, RRB, Inc.. (Docket Nos. 22, 24). It is defendant's contention that plaintiff misrepresents North Carolina's statute relating to contracts with forum selection clauses. Regardless of this opposition, which will be briefly addressed herein below, the only issue deserving ruling by this court at the present time is the forum selection clause enforceability since any other matters may be properly addressed at plaintiff's forum selection, state or federal, in North Carolina.

Thus, accepting the well pleaded factual allegations of the complaint, which incorporates reference to the Agreement, which contains a freely bargained and not controverted forum selection clause, and drawing all inferences in favor of non-movant plaintiff RRB, Inc. the parties' choice of forum selection clause should be enforced.

## B. Choice of Law.

Plaintiff also claims unfairness as to the amount of damages it may recoup, as well as a non-beneficial determination of just cause, if the applicable law to construe the Agreement would be the one of North Carolina and not the Commonwealth of Puerto Rico, which is a separate issue to forum selection. The only argument raised by above plaintiff in opposition to enforcing the forum selection clause is the public policy concerns of the Commonwealth of Puerto Rico in enacting its Law No. 21.

Consonant with defendant's reply, a perusal of North Carolina's statutes regarding contracts with forum selection clauses does not support plaintiff's limited contention that said jurisdiction would not apply the laws of other states and as such that Law No. 21 of the Commonwealth of Puerto Rico would be held therein not to apply. Still, choice of law is not a proper argument to disregard the forum selection agreed upon by the parties, but solely an argument for considering the unfairness of a mandatory application of forum selection clause, even if none of the parties have denied it was freely bargained.

Nevertheless, if Law No. 21 is applied by state courts in North Carolina, although plaintiff may select to file suit also in federal courts therein, it will also be bound to construe and apply as appropriate the clauses that plaintiff avers will not limit the amount of damages it may recoup or its public policy. Disregarding a choice of forum agreed upon by the parties in the Agreement should be reserved for those extreme circumstances where the evidence shows not only it will be gravely difficult and inconvenient to face trial but also for all practical purposes the party will be deprived of his day in court. Antilles Cement Corp. v. Aalborg Portland A/S, 526 F.Supp.2d at 208 (*citing* Bremen, 407 U.S. at 17-18, 92

S.Ct. 1907). There are compelling reasons why a freely negotiated agreement, unaffected by fraud, undue influence or overweening bargaining power, should be given full effect. *Id.* at 12-13.[13] Succinctly, the question of whether to enforce a forum selection clause is ordinarily one of federal law. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29-31, 108 S.Ct. 2239 (1988). Likewise, the fact that Puerto Rico statute proscribes the applicability of forum selection clauses does not mean the court will disregard the parties freely negotiated contract obligations.[14]

## CONCLUSION

In accordance with above discussed, it is recommended the defendant's Motion to Dismiss be GRANTED. As a consequence thereof, and if this report and recommendation is adopted by the presiding District Judge, the case will be dismissed and the preliminary injunction requested by plaintiff in this district will become moot.

IT IS SO RECOMMENDED.

The parties have ten (10) working days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale

---

[13] Even Law No. 75 policy has yielded to clauses covering federal arbitration and cases decided under Bremen have bypassed Law No. 75 forum limitations when applying federal common law.

[14] *See* Outek Caribbean Dist. Inc. v. Echo, Inc., 206 F.Supp.2d 263 (D. Puerto Rico 2002); Maxon Engineering Services v. United Sciences, Inc., 34 F.Supp.2d 97, 100 (D. Puerto Rico 1998); Stereo Gema Inc. v. Magnadyne Corp., 941 F.Supp. 271, 272-75 (D. Puerto Rico 1996).

Rafael Rodriguez Barril, Inc. V. Conbraco Industries, Inc.
Civil No. 08-1993 (JAG)
Order
Page 13

Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of October of 2008.

                                                              S/CAMILLE L. VELEZ-RIVE
                                                              CAMILLE L. VELEZ-RIVE
                                                              UNITED STATES MAGISTRATE JUDGE