```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF PUERTO RICO
```

RAFAEL RODRIGUEZ BARRIL, INC.,

    **Plaintiff**

        **v.**                               CIVIL NO. 08-1993 (JAG)

CONBRACO INDUSTRIES, INC.,

    **Defendant**

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is Defendant Conbraco Industries, Inc.'s ("Defendant") Motion to Dismiss. (Docket No. 10). Defendant's Motion to Dismiss was referred to a Magistrate Judge (Docket No. 16), who recommended that this Court grant Defendant's Motion. (Docket 31). For the reasons set forth below, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety and **GRANTS** Defendant's Motion to Dismiss.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 11, 2008, Plaintiff Rafael Rodgríguez-Barril, Inc. ("Plaintiff") brought suit in the Superior Court of Puerto Rico, San Juan Part against Defendant for breach of contract pursuant to Puerto Rico Law 21, 10 Laws P.R. Ann. § 297 et seq. ("Law 21"). (Docket No. 1-2). Defendant filed a Notice of Removal before this

Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Docket No. 1).

On January 1, 1999, the parties in this case executed a contract, the Sales Representative Agreement ("Agreement"), wherein Defendant appointed Plaintiff as an independent sales representative to solicit orders for its products in Puerto Rico. Plaintiff avers that it has carried out its obligations pursuant to the Agreement by serving as Defendant's exclusive sales representative in Puerto Rico and developing the local market for Defendant's products. (Docket 8-2).

Plaintiff claims that on June 27, 2008, Defendant sent a letter to Plaintiff terminating their Agreement. Plaintiff alleges that Defendant terminated the contract in bad faith and without just cause. On August 1, 2008, Defendant hired Luis O. Guzmán ("Guzmán"). Plaintiff avers that Guzmán was a key employee who had worked with Plaintiff for twenty-three years and had acquired knowledge of Plaintiff's customers, practices and trade secrets. Plaintiff alleges that Defendant was fully aware of the relationship between Guzmán and Plaintiff and acted in bad faith in hiring Guzmán. Plaintiff argues that Law 21 bars Defendant from terminating their Agreement, and consequently seeks specific performance of the contract. Furthermore, Plaintiff seeks compensation for alleged tortious conduct as a result of Defendant terminating the contract and hiring Guzmán. (Docket No. 8-2).

Civil No. 08-1993 (JAG)                                                3

On September 5, 2008, Plaintiff filed a Motion for Preliminary Injunction to prevent Defendant from carrying out the termination of the Agreement during the pendency of the present action. (Docket No. 6). On September 12, 2008, Defendant filed the present Motion to Dismiss alleging that the Agreement contains a forum selection clause which controls the proper venue and choice of law for this dispute. On October 2, 2008, this Court issued an Order referring Plaintiff's Motion for Preliminary Injunction and Defendant's Motion to Dismiss to a Magistrate Judge. (Docket No. 16). On October 20, 2008, Magistrate Judge Velez Rive issued a Report recommending that the forum selection clause in the Agreement be enforced and Defendant's Motion to Dismiss be granted. (Docket No. 31).

On October 30, 2008, Plaintiff filed an Objection to the Report and Recommendation arguing that the Magistrate Judge did not sufficiently address whether enforcement of the forum selection and choice of law clauses of the Agreement: (1) would be contrary to Puerto Rico public policy as expressed in Law 21; or, (2) whether it would deprive Plaintiff of its day in court. (Docket No. 32).

On November 17, 2008, Defendant replied to Plaintiff's Objection to the Report and Recommendation. (Docket No. 35). Defendant contends that Plaintiff's Objection constitutes a mere disagreement with the recommendation because it rehashes arguments already considered by the Magistrate Judge. Defendants argue that

Civil No. 08-1993 (JAG)                                                4

this Court should not entertain Plaintiff's Objection. Id. However, this Court finds that Plaintiff's Objection was properly made and shall review the Magistrate Judge's Report and Recommendation de novo.

## STANDARD OF REVIEW

A. Review of a Magistrate Judge's Report and Recommendation

Pursuant to 28 U.S.C. § 636(1)(B), Fed.R.Civ.P. 72(b) and Local Rule 503, a district court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. See Alamo Rodríguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States of America v. Mercado Pagán, 286 F.Supp. 2d 231, 233 (D.P.R.) (citing 287 U.S.C. § 636(b)(1)).

If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." Rivera-De-Lean v. Maxon Eng'g Servs., 283 F. Supp. 2d 550, 555 (D.P.R. 2003). A district court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections, the district court can assume that they have agreed to the Magistrate Judge's recommendation. Alamo Rodríguez, 286

Civil No. 08-1993 (JAG)                                                 5

F.Supp.2d at 146 (citing Temeplemen v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)).

### B. Motion to Dismiss on the Basis of a Forum Selection Clause

A motion to dismiss based upon enforcement of a forum selection clause is treated as a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Silva v. Encyclopedia Inc., 239 F.3d 385, 387-88. (1st Cir. 2001)  In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559). While Twombly does not require heightened fact pleading of specifics, it does require enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555.

In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court recently upheld Twombly and clarified that two underlying principles must guide this Court's assessment of the adequacy of the plaintiffs's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. See Iqbal, 129 S.Ct. at 1949-50.

First, the court must identify any conclusory allegations in the complaint as such allegations are not entitled to an assumption of truth. Id. at 1949. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950 (citing Twombly, 550 U.S. at 556). Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility. Id. A claim has facial plausibility when the pleaded facts allow the court to reasonably infer that the defendant is liable for the specific misconduct alleged. Id. at 1949, 1952. Such inferences must be more than a sheer possibility and at least as plausible as any obvious alternative explanation. Id. at 1949, 1951. Plausibility is a context-specific determination that requires the court to draw on its judicial experience and common sense. Id. at 1950.

## DISCUSSION

Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be

Civil No. 08-1993 (JAG)                                                 7

'unreasonable' under the circumstances."[1] Id. at 386 (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)).

> [A] forum selection clause must be enforced unless (1) it was not freely negotiated or was the result of overweening bargaining power or fraud, (2) it contravenes a strong public policy of the forum where the suit is brought, or (3) the party challenging its enforceability shows 'that trial in the contractual forum will be so gravely difficult and inconvenient that [it] will, for all practical purposes, be deprived of its day in court.'

Bristol Babcock v. Puerto Rico Elec. Power Auth., 930 F. Supp 710, 711 (D.P.R. 1996) (quoting Bremen, 407 U.S. at 18).

Generally, "there is a strong presumption in favor of the plaintiff's choice of forum." Coady v. Ashcroft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000). However, when parties agree to a forum selection clause, it is the resisting party who must show the unreasonableness of enforcement under the circumstances. Bremen, 407 U.S. at 10. See also Outek Caribbean Distributors, Inc. v. Echo, Inc., 206 F. Supp. 2d 263, 267 (D.P.R. 2002). "Disregarding" a forum selection clause "is reserved for . . . extreme situations." Antilles Cement Corp. v. Aalborg Portland A/S, 526 F. Supp. 2d 205, 208 (D.P.R. 2007) (quoting Bremen, 407 U.S. at 17-18).

This Court must examine the language of the forum selection

---

[1] Given the similarity between federal law and Puerto Rico law concerning enforcement of forum selection clauses, this Court shall apply federal common law when interpreting the forum selection clause at issue in this case. See Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 387 n.1 (1st Cir. 2001).

Civil No. 08-1993 (JAG)                                              8

clause of the Agreement to determine whether it is intended to be "permissive or mandatory." Silva, 239 F.3d at 388. Section 13(A) of the agreement states in pertinent part that: "In the event that either party brings suit to enforce the terms of this Agreement both Representative and Conbraco consent and agree that jurisdiction for such action will lie only in the state and federal courts sitting in Mecklenburg County, North Carolina." (Docket No. 10-2). We find that the inclusion of the word "only" indicates a mandatory and exclusive specification that any action arising out of the contract must be brought in Mecklenburg County, North Carolina. As such, we find that the forum selection clause is prima facie valid and proceed to the consideration of Plaintiff's arguments that the clause should not be enforced notwithstanding the presumption of validity.

Essentially, Plaintiff argues that the forum selection clause should not be enforced because in conjunction with the choice of law clause of the Agreement, both clauses contravene Puerto Rico's strong public policy interest in protecting local sales representatives, as evidenced by Law 21. The choice of law provision, section 15(B) of the Agreement, specifies that the "Agreement shall be governed and construed in all respects in accordance with the laws of the State of North Carolina." Plaintiff contends that the forum selection and choice of law clauses of the Agreement are nullified by Law 21's public policy to

Civil No. 08-1993 (JAG) 9

protect sales representatives from termination at will. Plaintiff argues that the application of North Carolina law would circumvent Law 21 and its underlying policy.

Contrary to Plaintiff's contention, this District has previously held that "Law 21 does not directly proscribe forum selection clauses." Miro Gonzalez v. Avatar Realty, Inc., 177 F. Supp. 2d 101, 105 (D.P.R. 2001) (citing Triangle Trading Co. Inc. v. Robroy Industries, Inc., 952 F. Supp. 75, 81 (D.P.R. 1997)). Furthermore, this District has held that the enforcement of a forum selection clause does not conflict with Puerto Rico's public policy interests even in cases where a plaintiff alleges a violation of Law 21. Miro Gonzalez, 177 F. Supp. 2d at 105. Thus, we find unavailing Plaintiff's argument that enforcement of the mandatory forum selection clause in the present case would contravene public policy.

This Court finds that any possible inconvenience in litigating this case in North Carolina under the law of that state was foreseeable to Plaintiff when it negotiated the contract with Defendant and agreed to the forum selection and choice of law clauses. Plaintiff knew that these provisions would be enforced in the event of an alleged breach. Plaintiff is free to pursue its rights in the contractually mandated forum. Plaintiff has not alleged any extreme circumstances of grave inconvenience sufficient to outweigh the strong presumption of validity afforded freely

Civil No. 08-1993 (JAG)                                          10

negotiated forum selection clauses. Accordingly, this Court finds that the forum selection clause in the present case must be enforced. Consequently, we agree with the Magistrate Judge that the present action must be dismissed without prejudice.

## CONCLUSION

For the reasons stated above, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety. (Docket No. 31). Accordingly, this Court **GRANTS** Defendants' Motion to Dismiss. Consequently, all of Plaintiff's claims against Defendant shall be dismissed without prejudice. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico this 30th day of June, 2009.


                                         S/Jay A. Garcia-Gregory
                                         JAY A. GARCIA-GREGORY
                                         United States District Judge